## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| QUINN WOODARD, on behalf of himself and a class of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No.  CIV 06-1170 RB/WDS |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, a foreign corporation, | ) ) ) | |
| Defendant. | ) | |

### ORDER

**THIS MATTER** comes before the Court on its *sua sponte* Order to Show Cause [Doc. 28], filed December 4, 2007.  After considering the submissions of both parties, and being otherwise fully advised, I find that Plaintiff Quinn Woodard made his jurisdictional allegations in good faith, and that Plaintiff has presented sufficient support and evidence to confer subject-matter jurisdiction on this Court at this stage of the proceedings.

Upon its own order, this Court required the Plaintiff to show good cause why the Court should not dismiss this case for want of subject-matter jurisdiction.  *See Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (federal courts have "an independent obligation to examine its own jurisdiction . . . even when the parties have not raised jurisdiction as an issue").  Specifically, after the Court came upon the *Jepson* dismissal, *Jepson v. Ticor Title Ins. Co.*, No. 06-1723 (W.D. Wash. Oct. 26, 2007) (order dismissing putative class action), the Court sought "support and evidence, revealed by Plaintiff's good faith investigation, that establishes the $5 million amount in controversy requirement."  (Order to Show Cause at 3).  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) ("The rule governing dismissal for want of jurisdiction in

cases brought in the federal court is that . . . the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.").

The Court is satisfied that Plaintiff's jurisdictional allegations are based on a good faith investigation.  (*See* Pl.'s Resp. to Order to Show Cause [Doc. 30] at 2) (showing that Plaintiff has attempted to gather additional HUD-1 closing statements and consulted with mortgage brokers, an escrow agent, a title insurance company, and another attorney involved in a similar suit).  Moreover, Plaintiff claims that Defendant Fidelity overcharged him by "more than $350."  (*Id.*).  If $350 is representative of the alleged refinance overages charged by Defendant, then the class Plaintiff seeks to represent would need to consist of at least 14,285 additional refinance customers of Defendant in five states, purportedly over a three year period (14,286 X $350 = $5,000,100.00).  (*See id.* at 3-4).

Plaintiff admits that he has encountered difficulties in obtaining additional closing statements because of the confidential nature of the information contained therein.  (*See id.* at 2 n.2).  Nevertheless, because Plaintiff engaged in a good faith investigation, "the sum claimed by the [P]laintiff controls."  *St. Paul*, 303 U.S. at 288.  Given this presumption, and given that the law requires courts to dismiss cases on a jurisdictional basis only where the court is legally certain that the jurisdictional amount has not been met, *id.*, the Court sees no reason to prevent the Plaintiff from seeking discovery of information that will either confirm or negate his allegations.  It seems well within the realm of possibility that Defendant had an additional 14,285 refinance customers in the relevant five states over three years.  Whether Defendant has allegedly overcharged an additional 14,285 customers at a rate similar to that of Plaintiff should become clear during discovery.  Therefore, at a later stage, the Court will once again review jurisdiction to ensure that a sufficient

amount of putative class members have come together to meet the $5 million amount in controversy requirement.

For the foregoing reasons, the Court finds that Plaintiff made his jurisdictional allegations in good faith, and that Plaintiff has presented sufficient support and evidence to confer subject-matter jurisdiction on this Court at this stage of the proceedings.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**