IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**QUINN WOODARD, on behalf of himself
and a class of others similarly situated,**

    **Plaintiff,**

vs.                                                             **No.  CIV 06-1170 RB/WDS**

**FIDELITY NATIONAL TITLE
INSURANCE COMPANY, a foreign corporation,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on the Motion for Costs and Cost Bill of Defendant Fidelity National Title Insurance Company (hereinafter "Fidelity"), filed on January 7, 2009. Having considered the submissions, applicable law, and being otherwise fully advised, Defendant's Motion for Costs and Cost Bill is **DENIED**.

**I.    BACKGROUND.**

    On December 8, 2008, the Court denied Plaintiff Quinn Woodard's Motion for Class Certification in this matter (Doc. 80).  Given its denial of class certification, the Court concluded that the lawsuit no longer could meet the amount in controversy requirement for diversity jurisdiction. 28 U.S.C. § 1332.  The Court, therefore, issued a final order dismissing Mr. Woodard's claims for lack of jurisdiction (Doc. 81).  Fidelity now moves for an award of costs, totaling $1,990.94, for the following expenses: (1) travel costs for the deposition of Danna Jo Rexroad, $673.72, and (2) costs for obtaining copies of deposition transcripts, $1,317.22.  Mr. Woodard argues that the Court should deny Fidelity's request for costs because there are no exigent

circumstances that would require the imposition of costs to preserve justice, and he has re-filed some of his claims in state court.

## II.   DISCUSSION.

Fidelity seeks costs under 28 U.S.C. § 1919, which provides: "Whenever any action or suit is dismissed in any district court ... for want of jurisdiction, such court *may* order the payment of just costs." *Id.* (emphasis added).  Pursuant to 28 U.S.C. § 1919, "[t]he taxing of costs rests in the sound judicial discretion of the district court." *Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998).  Indeed, when a lawsuit is dismissed on jurisdictional grounds, there is no presumption that costs should be awarded to a prevailing party. *Cf.* Fed.R.Civ.P. 54(d)(1) (noting that, in the absence of a federal statute directing otherwise, costs *should* be allowed to the prevailing party).

Because 28 U.S.C. § 1919 does enumerate the particular costs that are permitted, the Tenth Circuit Court of Appeals has instructed that district courts may look to the list of permitted costs in 28 U.S.C. § 1920 for guidance. *See Callicrate*, 139 F.3d at 1339-40.  In addition, the Local Rules of Civil Procedure of the United States District Court for the District of New Mexico provide guidance on taxable costs. *See* D.N.M.Loc.R.Civ.P. 54.

Neither 28 U.S.C. § 1920 nor the Local Rules of Civil Procedure provide for an award of travel expenses. *See* 28 U.S.C. § 1920; D.N.M.Loc.R.Civ.P. 54.  Furthermore, the Court is not convinced that justice requires it to award these travel expenses. *See* 28 U.S.C. § 1919.  The Court, therefore, will exercise its discretion to deny these costs.

Pursuant to 28 U.S.C. § 1920, the Court may tax costs for "transcripts necessarily obtained for use in the case." *Id.*  However, under the Local Rules of Civil Procedure, deposition costs are only allowable when the "deposition is reasonably necessary to the litigation."

D.N.M.Loc.R.Civ.P. 54.2. "A deposition is reasonably necessary to the litigation when: (A) a substantial portion of the deposition is admitted into evidence or used at trial for impeachment purposes; (B) the deposition is used by the Court in ruling on a motion for summary judgment; or (C) the Court so determines." *Id.* None of these conditions apply to the depositions at issue in this motion. The Court, therefore, will exercise its discretion to deny these costs.

It is relevant to the Court's decision to exercise its discretion to deny Fidelity's Motion for Costs that the claims of Mr. Woodard and the proposed class do not appear to have been frivolous. *See* 28 U.S.C. § 1919 (noting the Court's discretion to impose "just costs"). Indeed, the Court noted in its Memorandum Opinion and Order denying class certification that it was primarily the multi-state nature of the proposed class, and not the nature of the claims, that rendered the putative class unsuitable for certification (Doc. 80). Because the claims of Mr. Woodard and the proposed class are not frivolous and, indeed, may have merit, there is no special demand of justice requiring the Court to impose costs in this case.

### III. CONCLUSION.

The Court concludes that justice does not require the imposition of costs in this case.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion for Costs and Cost Bill is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**